UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DURKIN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:18-CV-1666-RSL

ORDER GRANTING UNITED STATES OF AMERICA'S MOTION TO DISMISS

This matter comes before the Court on defendant United States of America's motion to dismiss. Dkt. #5. Plaintiff has not filed a response.

## **BACKGROUND**

Plaintiff filed a *pro se* Notice of Small Claim in King County District Court against defendant Michael Feikes, an employee of the Department of Homeland Security ("DHS"). He claimed an amount of $5,000 in damages for "Religion Harassment." Ex. A, Dkt. #1-1 at 2. At an administrative hearing in December 2007, plaintiff was assessed a civil penalty for failing to follow Transportation Security Administration ("TSA") regulations regarding airport security at Seattle-Tacoma International Airport. Dkt. #5 at 2. Defendant Feikes represented TSA at the administrative hearing and cross-examined plaintiff. Id. In 2016, the United States garnished plaintiff's tax refund to satisfy the debt. Id.

Plaintiff's complaint makes many accusations against many different individuals. Ex. A, Dkt. 1-1 at 4-5. He appears to allege that he was treated unfairly by individuals at Alaska

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

Airlines, TSA, and DHS because he is an atheist, although he simultaneously accuses some of them of anti-Semitism. Id. at 4. Plaintiff also highlights what he considers several deficiencies in the administrative hearing. Id. at 4-5. Beyond a statement that the "Department of Treasury extracted a fine from a tax refund leveled against [him] on 22JUN16 by the Homeland Security TSA Judge Anthony Canorro," he makes no reference to the damages he seeks and does not explain why he is entitled to them. On November 16, 2018, the United States removed this action from state court and substituted itself as the defendant. Dkt. #1.

## DISCUSSION

The United States seeks dismissal on two grounds. The Court agrees with both.

**A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

First, the United States argues that dismissal is appropriate because plaintiff "has not identified a basis for federal court jurisdiction or alleged facts sufficient to form the basis for any suit." Dkt. #5 at 4; see Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Even construing plaintiff's complaint liberally, "it appears beyond doubt" that [he] "can prove no set of facts in support of his claim which would entitle him to relief."" Jones v. Cmty.

Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (quoting Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam)). Plaintiff merely states that he was cross-examined by defendant Feikes and accuses him of being an anti-Semite. Ex. A, Dkt. #1-1 at 4. Plaintiff has failed to state a plausible claim. Dismissal is appropriate.

**B. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

Second, the United States argues that plaintiff's claim should be dismissed for lack of subject matter jurisdiction Dkt. #5 at 4; see Fed. R. Civ. P. 12(b)(1). Plaintiff has not exhausted his administrative remedies and his claim is outside the statute of limitations. Id. at 5-6.

The Court agrees with the United States that plaintiff's complaint appears to allege wrongful action by defendant Feikes occurring within the scope of his employment, rendering it an action under the Federal Tort Claims Act ("FTCA"). Id. at 5. The FTCA offers a limited waiver of sovereign immunity for such actions. See 28 U.S.C. § 1346. However, plaintiff was required to first exhaust his administrative remedies. Id. at § 2675; see McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). He has failed to do so. Furthermore, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrue[d] …" Id. at § 2401(b). Nine years have passed since plaintiff's administrative hearing in December 2007 and more than two years have passed since the garnishment of his tax refund on June 11, 2016. Plaintiff's claim is barred.

For all the foregoing reasons, defendant's motion is GRANTED.

DATED this 12th day of March, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge